Okey, J.
The ground of reversal relied on is, that the only remedy of the defendants in the judgment was a proceeding in the court of common pleas, under the code of civil procedure, 'to vacate the judgment; and, therefore, that the district court was not warranted in rendering a judgment of reversal.
The civil code provides that the defendants shall be required, in the summons, to answer “ at a time stated therein;” that the summons “shall be returnable on the second Monday after the day of its date;” and that “ the answer or demurrer by the defendant shall be filed on or before the third Saturday . . . after the return day •of the summons.” (Secs. 57, 59, 108.) The summons having been issued on Thursday, January 20th, was returnable on Monday, January 31st, and the third Saturday *125 thereafter was February 19th. The summons was in all respects in proper form; the last day for answer was correctly stated; and service was regularly made; but judgment was taken by default on Thursday, February 17th, when properly it could not have been rendered until Monday, February 21st.
The civil code also provides (74 Ohio L. 115, sec. 584), that a court of common pleas shall have power to vacate or modify its own judgment, after the term at which it was rendered, for, among other causes, mistake, neglect, or omission of the clerk, or irregularity in obtaining it; that a mistake, neglect, or omission of the clerk shall not be ground of error until the same has been presented to, and acted upon in the court where it occurred (sec. 528); and that rendering judgment before the action stood for trial, according to the provisions of this code, shall be deemed a clerical error (sec. 529). It provides, furthermore, that a proceeding to correct a mistake or omission of the clerk, or irregularity in obtaining a judgment, shall be by motion ; and that a motion to vacate a judgment because of' its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term. (Sec. 535.)
If these provisions stood alone, there would be much force in the objection of the plaintiff’ in error, notwithstanding the general language of the code, that a judgment rendered by the court of common pleas “ may be reversed, vacated, or modified by the district court, for errors appearing on the record.” (Sec. 513.) But it will appear from other sections of the code, that the provisions relied on by the plaintiff in error have no application to this case. The sections referred to (306, 307, and 308) require that at least twelve days before the first day of each term, the-clerk shall make a trial docket, on which the actions shall be set for particular days, in the order in which the issues are, or, according to the provisions of the code, should have been made up, and the cases shall be so arranged on the docket that those set for each day shall be tried as nearly *126 .as may be on that day; that in actions for the recovery of money, in which a jury shall not be required to assess the •damages, j udgment may be entered at any time during the teirm, after the defendant is in default for want of an answer , that actions shall be triable at the first term after the issues are or, by the times fixed for pleading, should have been made up; that when, by the times fixed for pleading, the issues are or should have been made up -during a term, the action shall be triable at that term; and that “ when the issues are or should have been made up, •either before or during a term of court, but after the period for preparing the trial docket of such term, the clerk, if required by the court, shall place such actions on the trial •docket of that term.” (2 S. & C. 1034, 1035; 66 Ohio L. 42.)
Prom these provisions it is manifest that this case never ■stood for trial in the court of common pleas; that it had' no plac<? on the trial docket; that as the last day for answer had not expired, it could rightly have no place on that docket; that the provisions invoked by plaintiff in ■error, as to the rendition of judgment before the case stood for trial, have relation to eases in which the day for auswer has expired; and that to render judgment, under the cir■cumstances disclosed in this record, was not merely an irregularity, to be only corrected by motion in the court of ■original jurisdiction, but an error, to correct which the jurisdiction of the district court was properly invoked. Whether the court of common pleas could, at a subsequent term, have set aside the judgment, we need not determine.

Motion overruled.